Filed 4/1/25  P. v. Hall CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CHRISTOPHER RAY HALL, Defendant and Appellant. | F088191 (Super. Ct. No. F24902815) OPINION |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Noelle Pebet, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Franson, J. and De Santos, J.

## INTRODUCTION

Christopher Ray Hall (appellant) pled no contest to felony vandalism (Pen. Code, § 594, subd. (b)(1))[1] and admitted a prior strike conviction allegation (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). He was sentenced to 32 months in state prison in accordance with his plea agreement.

On appeal, appellant's appointed counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no error and asking this court to review the record and determine if there are any reasonably arguable issues on appeal. Appellant was afforded an opportunity to submit a supplemental letter or brief but failed to do so in the time allotted.

We have conducted an independent review of the record and find no error. We affirm.

## BACKGROUND

On April 23, 2024, appellant broke into the victim's residence and destroyed her television. The victim is the mother of appellant's children. There was an active criminal protective order prohibiting appellant from contacting the victim or coming within 100 yards of her residence.[2]

The Fresno County District Attorney's Office filed a complaint charging appellant with first degree residential burglary (§§ 459, 460, subd (a); count 1), felony vandalism (§ 594, subd. (b)(1); count 2), and criminal contempt with a prior conviction within seven years (§ 166, subd. (c)(4); count 3). The People also alleged appellant suffered a prior strike conviction. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The above factual summary is drawn from the probation report.

Pursuant to a negotiated plea agreement, appellant pled no contest to count 2 and admitted the prior strike allegation in exchange for a maximum sentence of 32 months. The People agreed the remaining charges would be dismissed.

Appellant was sentenced in accordance with the terms of his plea agreement. The trial court imposed the low term of 16 months on count 2, doubled to 32 months based on his prior strike conviction. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)

## DISCUSSION

As noted above, appellant's counsel filed a *Wende* brief identifying no error and asking this court to review the record to determine whether there are any arguable issues on appeal. We have conducted an independent review of the record. We find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.